UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGIE MILLER,
     Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, *et al.*,
     Defendants.
_____/

Case No.: 21-10687

Terrence G. Berg
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S COMPLAINT AND MOTIONS TO DISMISS

Plaintiff initiated this action against several defendants on March 24, 2021, without the assistance of counsel.  (ECF No. 1).  Since then, Plaintiff and the defendants have filed numerous motions for the Court's consideration.  This matter was referred to the undersigned for all pretrial proceedings.  (ECF No. 45). Addressed in this report and recommendation are the pending motions to dismiss the complaint (ECF No. 23, 27, 32, 35, 38, 53, 71, 89).

For the reasons discussed below, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and alternatively that the complaint be dismissed without prejudice and an opportunity be given to amend the complaint for insufficient pleading.

## I.     DISCUSSION

Of the eight moving defendants, six moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over this case.  (ECF Nos. 23, 27, 35, 38, 71, 89).  When subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists.  *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014).  A Rule 12(b)(1) motion may take the form of a facial or factual challenge.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  A facial challenge merely questions the sufficiency of the pleading. *Id.*  The defendants raised a facial challenge to subject matter jurisdiction.  In such a case, the district court takes the allegations in the complaint as true, like the safeguard employed under Rule 12(b)(6).  *Id.*  Of course, the Court need not wait for a challenge to subject matter jurisdiction; the Court may raise the issue on its own.  *Apple v. Green*, 183 F.3d 477, 479 (6th Cir. 1999).

The defendants who moved on this basis argue Plaintiff failed to plead federal question jurisdiction or diversity jurisdiction.  Plaintiff indicated this is a federal question case, but the complaint does not adequately allege subject matter jurisdiction via a federal claim.[1]  (*See* ECF No. 1, PageID.4, 8).

---

[1] As to the defendants' argument regarding diversity jurisdiction, although Plaintiff did not allege or indicate diversity jurisdiction exists, in the interest of thoroughness, the undersigned concurs with the defendants.  Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  In determining whether a claim arises under federal law, the Court looks to the well-pleaded allegations of the complaint. *Mikulski v. Centerior Energy Corp*., 501 F.3d 555, 560 (6th Cir. 2007) (quotation marks and citation omitted).  Although the well-pleaded complaint rule focuses on what a plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question.  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008).

Here, Plaintiff is proceeding without the assistance of counsel.  Therefore, the undersigned will liberally construe the complaint.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  The standard of liberal construction "requires active interpretation . . . to construe a *pro se* petition to encompass any allegation stating federal relief."  *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotation and citation omitted).

---

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Diversity of citizenship must be complete, i.e., no plaintiff and no defendant may be citizens of the same state.  *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998).  According to the complaint, Plaintiff and all the defendants reside (or have their principal place of business) in Michigan.  (ECF No. 1, PageID.3-4, 5-7.)  Thus, diversity of citizenship is lacking.

The alleged factual basis of the complaint is Plaintiff was a licensed social worker paid for her services, at least in part, by Medicaid.  Plaintiff maintains she was a victim of identity theft as the defendants began using her license credentials during 2012 to fraudulently bill for services she did not perform.  According to Plaintiff, the alleged fraudulent use of her credentials led to investigations concerning her billing practices, termination of contracts, and loss of her status as a Medicaid provider.  As a result, Plaintiff asserts she suffered harm to her reputation and business.

Plaintiff utilized the "MIED ProSe" form, "Complaint for a Civil Case," for her complaint.  In her answer to the basis for federal question jurisdiction, Plaintiff stated, without alteration:

> I, the plaintiff was denied equal protections and due
> process within the confines of the 14th amendment of
> legal proceedings at the State level, including complaints
> to AG office has not acknowledged, nor heard.  The
> racial discrimination I've experienced runs deep as a
> reminder of modern slavery, i.e further oppressed by
> others fraudulently using the credentials that I've worked
> so hard to achieve and accomplish.

(ECF No. 1, PageID.8).  The "AG office" is not a defendant, nor is the State of Michigan.  Elsewhere, she alleged defendants Blue Cross Blue Shield of Michigan and Beacon Health, along with some non-parties including Medicare, used Plaintiff's "credentials" to engage in fraudulent billing "under the False Claims Act."  (*Id.*).  These are the only express mentions of a potential federal claim.  Her

4

assertions concerning violations of the Fourteenth Amendment and the False Claims Act are wholly conclusory.  Plaintiff failed to develop a Fourteenth Amendment claim in her complaint.  Moreover, without proper factual development related to her fraud claim, the court is unable to assess whether the allegations ultimately involve a federal question.

The remaining allegations in the complaint, indeed the bulk of the allegations, point to state law claims rather than any federal claim.  In the "Statement of Claim" section, Plaintiff alleged the defendants acted in concert to "malicious[ly] persecute" her and fraudulently use her healthcare credentials.  (*Id.* at PageID.9).  Plaintiff alleged Blue Cross Blue Shield defamed her character and harmed her professional reputation as a result of an investigation it undertook regarding identify theft.  (*Id.* at PageID.10).  Some of her other claims include a possible breach of contract claim (*id.*) and a legal malpractice claim against her criminal attorney (*id.* at PageID.11).  Against the Michigan Department of Health and Human Services ("MDHHS"), Plaintiff alleged MDHHS terminated Plaintiff from Medicaid enrollment.  The letter and email notifying her of the termination stated Plaintiff was a danger to her clients.  The email was forwarded to all Medicaid providers.  As a result, Plaintiff was humiliated and her character was discredited.

In her allegations against Easter Seals Michigan AMH Services, Plaintiff named other potential federal causes of action, but did not develop them, nor does it appear she intended to raise those claims in this lawsuit.  In these allegations, Plaintiff explained she quit her employment with Easter Seals on December 31, 2011, after filing a hostile work environment and race discrimination claim with the EEOC against Easter Seals.  It does not appear that any part of this lawsuit is meant to redress the hostile work environment or race discrimination claim against Easter Seals.  If that was Plaintiff's intent, she failed to allege facts necessary to establish the elements of a hostile work environment and racial discrimination claim—indeed, there is no factual development of a hostile work environment or racial discrimination.  It appears her claim in this case against this defendant, like the claims against the other defendants, is about the alleged use by Easter Seals of her credentials from 2012-2015, after she left its employ.  (*Id.* at PageID.12).  Easter Seals did not file a motion to dismiss, but instead filed an answer and notices of joinder or concurrence in the pending motions to dismiss.  (ECF Nos. 33, 46-50, 72, 81, 90).

Other than merely mentioning a federal claim, like citing to the Fourteenth Amendment in the introductory paragraph and naming the False Claims Act, Plaintiff did not make any allegations that plausibly invoke this Court's subject matter jurisdiction over this case.  Giving the "claims" the benefit of the doubt,

there are no factual allegations in the complaint that reasonably can be interpreted to support them.  As such, they do not meet the "well-pleaded" standard. "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal question exists only when a federal question is presented on the face of plaintiff's *properly* pleaded complaint.'" *Archer v. Arms Technology, Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (emphasis supplied).  The claims for which Plaintiff provided some factual basis are state law claims, e.g. breach of contract, fraud, defamation, and legal malpractice.

In addition, Plaintiff filed motions to strike in response to many of the motions to dismiss (Plaintiff has not filed a response to the last motion to dismiss filed by Defendant All American Business Centers LLC).  The motions to strike also appear to be Plaintiff's substantive response to the motions to dismiss.[2] Plaintiff utilized her motions to strike/responses to add factual allegations against the moving defendants and to assert the defendants violated federal law— specifically, federal criminal law and the False Claims Act.  (ECF Nos. 26, 39, 55, 56, 58, 70, 77).  The allegations made in the motions to strike/responses cannot be

---

[2] The portion of these documents which are the motions to strike are addressed in a separate filing.

considered as part of the complaint.  *See Johnson v. Metro. Gov't of Nashville &*
*Davidson Cnty., Tenn.*, 502 F. App'x 523, 541–42 (6th Cir. 2012) (citing Moore's
Federal Practice § 12.34) ("The court may not . . . take into account additional facts
asserted in a memorandum opposing the motion to dismiss, because such
memoranda do not constitute pleadings under Rule 7(a).")); *Bishop v. Lucent
Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the
omission of a critical allegation in a complaint is highlighted by a defendant's
motion to dismiss, the appropriate method for adding new factual allegations is to
request leave to amend the complaint in conjunction with responding to the motion
to dismiss.").

For the forgoing reasons, the undersigned recommends the complaint be
**DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
*See Ernst v. Rising*, 427 F. 3d 351, 366 (6th Cir. 2005) (stating a dismissal for lack
of subject matter jurisdiction is generally a dismissal without prejudice).  Any
pending motions should be terminated as moot.

Even if the Court were to find it has subject matter jurisdiction over this
case, the undersigned alternatively recommends dismissal without prejudice for
Plaintiff's failure to state her claims in accordance with the Federal Rules of Civil
Procedure.

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).[3] Unquestionably, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure

---

[3] Defendants McLaren Health Plan Inc., Blue Cross Blue Shield of Michigan, Meridian Health Plan, Life Transitions LLC, and All American Business Centers LLC alternatively moved for dismissal of the complaint for Plaintiff's failure to properly plead her complaint pursuant to Fed. R. Civ. P. 8. (ECF Nos. 32, 35, 38, 53, 89).

to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic

pleading requirements, including Rule 12(b)(6).").

The purpose of this rule is to "give the defendant fair notice of what the

claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (citation

omitted).  While this notice pleading standard does not require "detailed" factual

allegations, it does require more than the bare assertion of legal principles or

conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an

unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at

678.  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*.  Although the court must accept all well-pleaded factual allegations

in the complaint as true, it need not "'accept as true a legal conclusion couched as a

factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478

U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

As alluded to above, Plaintiff's complaint is rather conclusory and unclear.

(ECF No. 1).  It fails to set forth sufficient factual content to allow the Court to

draw the inference that each defendant is liable for the misconduct alleged.

Additionally, Plaintiff did not clearly state which claims were raised against which

10

defendants and did not limit the numbered paragraphs to a single set of circumstances in accordance with Fed. R. Civ. P. 10. "[A]any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v. Hurley Medical Center*, 2011 WL 1465785, *1 (E.D. Mich. Apr. 18, 2011).

Because of Plaintiff's failure to comply with the pleading standards, the undersigned recommends the complaint be dismissed without prejudice for violation of Fed. R. Civ. P. 8, and that plaintiff be given an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure within 14 days of the Court's order. If plaintiff does not file a proper amended complaint, then the undersigned recommends that the case be dismissed entirely. Accordingly, the motions to dismiss filed by Defendants McLaren Health Plan Inc., Blue Cross Blue Shield of Michigan, Meridian Health Plan, Life Transitions LLC, and All American Business Centers LLC (ECF Nos. 32, 35, 38, 53, 89) should be **GRANTED** as to the Rule 8 arguments. Defendants DMB Medical, Beacon Health, and Blank Law's motions to dismiss (ECF Nos. 23, 27, 71) should be terminated as moot.

## II.    PROCEDURES ON OBJECTION

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   July 30, 2021                         s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge