UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGIE MILLER,
     Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, *et al.*,
     Defendants.
_____/

Case No.: 21-10687

Terrence G. Berg
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**COMBINED REPORT AND RECOMMENDATION REGARDING
ENTRIES OF DEFAULT; MOTIONS FOR DEFAULT JUDGMENT (ECF
Nos. 68, 69); AND MOTIONS TO STRIKE ANSWER (ECF Nos. 16, 51),
AND ORDER REGARDING PLAINTIFF'S REMAINING MOTIONS TO
STRIKE (ECF Nos. 20, 26, 39, 55, 56, 58, 70, 77) AND EX PARTE MOTION
<u>FOR LEAVE TO FILE IN THE TRADITIONAL MANNER (ECF No. 40)</u>**

Plaintiff initiated this action against several defendants on March 24, 2021,

without the assistance of counsel.  (ECF No. 1).  Since then, Plaintiff and the

defendants have filed numerous motions for the Court's consideration.  This matter

was referred to the undersigned for all pretrial proceedings.  (ECF No. 45).

Pending before the Court are entries of default against defendants Michigan

Department of Health and Human Services ("MDHHS") and Conner Creek Life

Solutions LLC, MDHHS's motion to set aside entry of default (ECF No. 84), and

Plaintiff's motions for default judgment against these defendants (ECF No. 68, 69).

Also pending are Plaintiff's ten motions to strike and her *ex parte* motion for leave to file exhibits in the traditional manner.

The entries of default, motions for default judgment, and Plaintiff's two motions to strike answers to the complaint are addressed in the report and recommendation below.  For the reasons discussed below, the undersigned **RECOMMENDS GRANTING** MDHHS's motion to set aside entry of default (ECF No. 84), setting aside both entries of default, and **DENYING AS MOOT** Plaintiff's motions for default judgment.  The undersigned further **RECOMMENDS DENYING** Plaintiff's motions to strike answers.  Plaintiff's remaining motions to strike and motion for leave to file exhibits in the traditional manner are addressed below in the order, all of which are denied.

## REPORT AND RECOMMENDATION

I.    **Discussion**

    A.    Entry of Default and Motion for Default Judgment Against Conner Creek Life Solutions LLC

On May 17, 2021, Plaintiff filed a request for Clerk's entry of default against Defendant Conner Creek Life Solutions ("Conner Creek").  (ECF No. 42).  The Clerk entered default against this defendant the same day.  (ECF No. 44).  On May 31, 2021, Plaintiff a motion for default judgment against Conner Creek.  (ECF No. 69).  To date, Conner Creek has not appeared in this matter or filed a response to the motion for default judgment.

There is no indication in the request for entry of default, or elsewhere on the docket, that Conner Creek was ever served with Plaintiff's request for entry of default as required under Fed. R. Civ. P. 4. Federal Rule of Civil Procedure 5(a)(2) provides that the only circumstance in which service need not be made is "on a party who is in default for failing to appear." Unless and until the Clerk enters a default against a party, that party, by definition, is not yet in default. Thus, courts have held that Rule 5(a) unambiguously provides that service of the request for Clerk's entry of default on defendant is required. *Burlington Ins. Co. v. F. Moss Wrecking Co.*, 2013 WL 3188874, at *2 (E.D. Mich. June 20, 2013) (collecting cases). Accordingly, the undersigned **RECOMMENDS** the entry of default against Conner Creek be set aside and the motion for default judgment (ECF No. 69) **DENIED AS MOOT**.

B.     Entry of Default and Motion for Default Judgment Against MDHHS

On May 17, 2021, the Clerk entered a default against defendant MDHSS. (ECF No. 43). Plaintiff filed a motion for default judgment against MDHHS on May 29, 2021. (ECF No. 68). MDHHS filed a motion to set aside the entry of default. (ECF No. 84).

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the Sixth Circuit instructs that

courts must consider whether "(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (citations omitted).

MDHHS has sufficiently established good cause.  Regarding the first factor, MDHHS explains its delay in responding to the complaint was due to Plaintiff's failure to properly identify the person at MDHHS who was the intended recipient of service of process.  At the time MDHHS became aware of the complaint (through receipt of another defendant's motion to dismiss), Plaintiff had already obtained the entry of default.  MDHHS asserts it did not intentionally neglect to timely respond to the complaint.  Second, the set-aside would not prejudice Plaintiff—the delay in appearing in this matter will not have a serious impact on this litigation.

Finally, MDHHS has a meritorious defense.  MDHHS listed a few defenses; the undersigned will only address the first.  MDHHS argues the Court lacks jurisdiction over it because it is immune from Plaintiff's suit for damages against it.  This is a meritorious defense.  The Eleventh Amendment applies to a suit brought against a state by one of its own citizens.  *Ex parte Young*, 209 U.S. 123 (1908).  The Eleventh Amendment describes the contours of sovereign immunity, providing that "[t]he Judicial power of the United States shall not be

4

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Sovereign immunity applies to state agencies or departments, such as MDHHS. *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), applies.

None of the exceptions applies here. Michigan has not waived immunity in this case, Congress has not expressly abrogated Michigan's immunity, and since Plaintiff's request for relief is limited to damages, rather than injunctive relief, *Ex Parte Young* does not apply. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar individual from pursuing declaratory and injunctive relief by way of an official capacity claim against a state official). Accordingly, MDHHS's motion to set aside entry of default (ECF No. 84) should be **GRANTED** and Plaintiff's motion for default judgment against MDHHS (ECF No. 68) should be **DENIED AS MOOT**.

C.      Motions to Strike Answer[1]

---

[1] The undersigned submits this report and recommendation because Plaintiff's motion to strike is dispositive of the defendants' answers. *See Reo v. Lindstadt*, 2019 WL 7900068, at *1 (N.D. Ohio Dec. 10, 2019).

Plaintiff filed motions to strike defendants All American Business Centers LLC and Easter Seals Michigan AMH Services' answers to the complaint.  (ECF Nos. 16, 51).  Plaintiff argues the affirmative defenses asserted by both defendants are "scandalous" and "slanderous."  Within her briefs she argues the merits of her claims, for example, that this Court has jurisdiction over this case, and adds new facts and requests for relief.  Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Motions to strike under Rule 12(f) are viewed with disfavor and infrequently granted: "[T]he action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted); *Cronovich v. Dunn*, 573 F. Supp. 1330, 1338 (E.D. Mich. 1983).

The undersigned has reviewed the answers and finds that the answers do not present any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" so as to warrant striking either answer.

For the reasons set forth above, the undersigned **RECOMMENDS** entries of default against Conner Creek Life Solutions LLC and the Michigan Department of Health and Human Services be set aside and Plaintiff's motions for default judgment against these defendants (ECF Nos. 68, 69) be **DENIED AS MOOT**.

Further, the undersigned **RECOMMENDS** Plaintiff's motions to strike answers

(ECF Nos. 16, 51) be **DENIED**.

## II.     Procedures on Objection

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Order

A.    Plaintiff's Remaining Motions to Strike

Plaintiff filed motions to strike in response to various motions to dismiss, except the motion to dismiss filed by Defendant All American Business Centers LLC.  Plaintiff asserts the motions to dismiss must be stricken pursuant to Fed. R. Civ. P. 12(f) "due to an insufficient defense."  (ECF Nos. 26, 39, 55, 56, 58, 70, 77).  A motion is not a pleading subject to being stricken pursuant to Federal Rules of Civil Procedure 7 and 12(f).  The motions to strike are **DENIED**.

Plaintiff also filed a motion to strike Beacon Health Options, Inc.'s, "motion for Order declaring Plaintiff's service of process on Beach Health insufficient under Fed. R. Civ. P. 4(h) and MCR 2.015(D)" and alternative "motion for extension of time to File Answer."  (ECF No. 15, 20).  The Court granted in part Beacon Health's motion, allowing Beacon Health until June 2, 2021, to file a response to the complaint.  (*See* Text-Only Order dated May 11, 2021).  As explained above, a motion is not a pleading subject to being stricken pursuant to Federal Rules of Civil Procedure 7 and 12(f).  The motion to strike (ECF No. 20) is **DENIED**.

In sum, Plaintiff's motion to strike Beacon Health's motion (ECF No. 20) and motions to strike motions to dismiss (ECF Nos. 36, 39, 55, 56, 58, 70, 77) are **DENIED**.

B.    *Ex Parte* Motion

On May 16, 2021, Plaintiff filed an *ex parte* motion for leave to file an mp3 file in the traditional manner.  (ECF No. 40).  This mp3 file is intended to be an exhibit to Plaintiff's motion for default judgment against MDHHS.  (*See* Index of Exhibits, ECF No. 68-1, PageID.748).  In light of recommendations to set aside the entry of default and accordingly deny Plaintiff's motion for default judgment against MDHHS, plaintiff's *ex parte* motion to file exhibits to her motions for default judgment in the traditional manner (ECF No. 40) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

C.    Procedures on Objection

The parties to this action may object to and seek review of the Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full

force and effect unless and until it is stayed by the magistrate judge or a district

judge.  E.D. Mich. Local Rule 72.2.


       Date:  July 30, 2021                   s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                 United States Magistrate Judge